The Honorable Becky Lynn State Representative Post Office Box 450 Heber Springs, Arkansas 72543
Dear Representative Lynn:
This is in response to your request for an opinion on several questions relating to the application of funds in a city advertising and promotion fund described in the Advertising and Promotion Commission Act, A.C.A. §§26-75-601 to -618 (1987 and Supp. 1995) (the "Act"). You state that the City of Greers Ferry is considering using amounts in its advertising and promotion fund to lease and renovate a building to serve as a community center and the offices of the Greers Ferry Chamber of Commerce. The building, located outside the city's municipal limits, is owned by the Army Corps of Engineers and would be leased by the city on a long-term basis, perhaps for 99 years. It is my understanding the Greers Ferry is a city of the second class. Your questions are:
 1. Does A.C.A. § 26-75-606 allow the use of advertising and promotion fund monies for the lease and renovation of a building, a portion of which would serve as office of the Greers Ferry Chamber of Commerce, as one of the purposes of the Chamber is the promotion of tourism?
 2. Is use of such funds permissible if the building is situated outside the city limits?
 3. Is use of such funds permissible if used to lease such property from the U.S. Corps of Engineers?
The Act permits cities of the second class amounts in a city advertising and promotion fund to be used by a city of the second class:
(a) "for advertising and promoting the city and its environs";
 (b) "for the construction, reconstruction, extension, equipment, improvement, maintenance, repair, and operation of a convention center";
(c) "for the operation of tourist promotion facilities in the city";
 (d) for the operation of "facilities necessary for, supporting, or otherwise pertaining to, a convention center";
 (e) "for the payment of the principal of, interest on, and fees and expenses in connection with bonds as provided in [the Act]";[1]
 (f) for the payment of "such personnel and agencies" and "such administrative costs that [the city advertising and promotion commission] deems necessary to conduct its business";
 (g) for "funding of the arts" if the commission makes a specified finding;
 (h) "for the construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city, including but not limited to facilities constituting city parks"; and
 (i) for the payment of fees to civic groups or the chamber of commerce for "actual services that are connected with tourism events or conventions."[2]
A.C.A. § 26-75-606 (Supp. 1995).
In my opinion, the application of funds in a city's advertising and promotion fund for the lease and renovation of a building located within the city to serve as a community center and the offices of the local chamber of commerce[3] might, depending upon all of the relevant facts and circumstances, be legitimately characterized as an expenditure of funds for the "construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city" and the "operation of tourist promotion facilities in the city" within the meaning of those phrases as used in A.C.A. § 26-75-606. Presumably, a community center would be used for recreation, perhaps among other things, and the office of the chamber of commerce would be a facility that, among other things, promotes tourism.
This office concluded in a prior opinion that the erection of a sign at the city limits likely would constitute "advertising and promoting the city and its environs" within the meaning of that phrase in A.C.A. §26-75-606(a)(1). See Op. Att'y Gen. 92-064. The opinion emphasized A.C.A. § 26-75-606(a)(2), which provides that "[t]he commission is the body that determines the use of the city advertising and promotion fund" and stated that the commission's judgment that a particular expenditure would be for a permitted purpose should be given substantial weight in view of the discretion granted it by the statute.
This office later opined that a city probably could use amounts in its advertising and promotion fund for the acquisition of land and construction of a city baseball park, such use fairly being within the authorization set forth in A.C.A. § 26-75-606(b)(2) to expend funds for the "construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city."See Op. Att'y Gen. 89-211.
It is my opinion that, in the circumstances you describe, a commission's good faith determination that the use of amounts in the advertising and promotion fund to lease and renovate a building within the city for use as a community center and the offices of the local chamber of commerce would be for the "construction, reconstruction, repair, maintenance, improvement, equipping, and operation of public recreation facilities in said city" and the "operation of tourist promotion facilities in the city," within the meaning of those phrases as used in A.C.A. §26-75-606, would be afforded substantial weight and likely would be upheld if challenged.
In my opinion, the answer to your second question is "no." The only categories of expenditures that are both permitted by the Act to cities of the second class and fairly descriptive of the project you describe are, as set forth above, for "public recreation facilities" and "tourist promotion facilities." Both are expressly required by the Act to be located within the city. A.C.A. §§ 26-75-606(a)(1) and (b)(2).
With respect to your third question, the Act, in setting forth permissible uses of amounts in a advertising and promotion fund, does not distinguish between acquiring facilities by purchase and acquiring them by lease, and does not distinguish among prospective lessors. It is my opinion, then, that a city may acquire an otherwise permissible project by lease from any lessor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The authority of cities of the second class to issue bonds under the Act is not clear. The section of the Act expressly authorizing the issuance of bonds applies only to cities of the first class. A.C.A. §26-75-607. As you have not inquired about this issue, however, I express no opinion as to whether such authority exists.
[2] The Act sets forth additional permitted uses of amounts in city advertising and promotion funds of cities of the first class. See A.C.A. §§ 26-75-606(b)(1) and 26-75-607. Because Greers Ferry apparently is a city of the second class, I do not address such uses herein.
[3] Although your request does not so state, I assume that the chamber of commerce would make rental payments equal to the fair market value of the use of the portion of the building occupied by it. Clearly, the city's furnishing of office space to the chamber of commerce rent-free would constitute the "general subsidy of . . . the chamber of commerce," a practice expressly prohibited by the Act. A.C.A. §26-75-606(C)(2)(C).